UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Boost Oxygen, LLC**,
a Connecticut Limited Liability Company

*Plaintiff*,

vs.

Case No. _____
Assigned to

**Rocket Oxygen**,
a California Company

*Defendant*.

# COMPLAINT

Plaintiff, Boost Oxygen, LLC states the following for its complaint against Defendant Rocket Oxygen.

## OVERVIEW OF THE ACTION

1. Boost Oxygen LLC, (referred to herein as either "Boost" or "Boost Oxygen") based in Bridgeport Connecticut, is a pioneer and market leader in the manufacturer of portable, light-weight 95% pure oxygen canisters. The canisters have a two-part construction: (1) a body in which the oxygen is stored and on which the name and trademark Boost Oxygen is displayed prominently and on which markings are drawn to illustrate the beneficial uses of the product and (2) a mask having a unique and patented design through which the oxygen is drawn during use.

2. Boost is the owner of Design Patent No. D610250 entitled "Mask". A copy of the patent is appended hereto as Exhibit 1.

3. Trading on the reputation and goodwill that Boost has created in the market for light-weight 95% pure oxygen canisters, defendant operates a website, "rocketoxygen.com", at which

- 1 -

oxygen canisters made with Boost's portable mask design and bearing the confusingly similar name "Rocket Oxygen" and beneficial use markings are sold and offered for sale. Defendant's actions, gauged, as they are, to injure Boost's business and dilute Boost's intellectual property rights constitute a willful and actionable violation of Boost's intellectual property rights.

4. Boost therefore brings this action for patent infringement under 35 U.S.C. §101 et seq.; unfair competition and false designation of origin under §43(a) of the Lanham Act, 15 U.S.C. §1125(a), violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes, 42-110b; common law trademark infringement; and common law unfair competition. Boost seeks an award of defendant's profits, compensatory, treble and/or statutory damages; destruction of any inventory of infringing Rocket Oxygen canisters and any related marketing material; an award of costs and attorneys fees; and such other and further relief as the Court deems appropriate.

## THE PARTIES

5. Plaintiff, Boost Oxygen, is a Connecticut limited liability company having its principal place of business at 265 Asylum Street, Unit 1, Bridgeport, Connecticut 06610.

6. According to its website, Rocket Oxygen is a California based company located at 11676 Sheldon Street, Unit #4, Sun Valley, CA 91352. Discovery will determine the relationship, if any, between it and a China-based company Xi'an Arooxy Technology Co., Ltd, Room 502, Building E, ZTE Industry Zone, Xi'an Shaanxi Feng, China, that, on information and belief, has attempted to import oxygen-containing products bearing the "Rocket Oxygen" name.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338(a), 1338(b) and of 15 U.S.C. §1121.

8. This Court has personal jurisdiction over Defendant because Rocket Oxygen's web-based sales activities have been undertaken with knowledge that the brunt of the injury resulting from its patent infringement and unfair competition would be felt in Connecticut. More particularly, by soliciting and consummating sales through its website, Rocket Oxygen has damaged irreparably the value of Boost's patent rights, diminished Boost's reputation and good will, and eroded Boost's hard-earned share of the portable oxygen market.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

## Count I
## Patent Infringement

10. Boost is the owner of U.S. Design Patent D610,250 ("'250 Patent") Exhibit 1. The '250 patent duly and properly issued on February 16, 2010 to the inventor Robert C. Neuner and has been assigned to the Plaintiff Boost Oxygen.

11. Boost re-alleges and incorporates by reference the allegations of paragraphs 1-10 of the Complain as though fully set fort herein.

12. In violation of 35 U.S.C. §271, Rocket Oxygen is and has been directly infringing and/or inducing others to infringe the '250 patent by making, using, selling, offering to sell in the United States, or importing into the United States, oxygen canisters bearing the name Rocket Oxygen and including the mask design claimed by the '250 patent.

13. A side-by-side illustration of the patented mask design and the Rocket Oxygen infringing mask appears below.

 

14. As a result of Rocket Oxygen's unlawful Infringement of the '250 patent, Boost has suffered and will continue to suffer damage. Boost is entitled to recover from Rocket Oxygen (a) the damages suffered by Boost as a result of Rocket Oxygen's unlawful acts and (b) the total profit made by Rocket Oxygen on its infringing sales.

15. On information and belief, Rocket Oxygen intends to continue its infringement of the '250 patent, and Boost has suffered and will continue to suffer irreparable injury as a result for which there is no adequate remedy at law unless this Court enjoins Rocket Oxygen from its infringing activities.

## Count II
## Federal Unfair Competition
## (15 U.S.C. §1125(a))

16. Boost re-alleges and incorporates by reference the allegations of paragraphs 1-15 of the Complaint as though fully set fort herein.

17. Rocket Oxygen's distribution, marketing, promotion, offering for sale, and sale of the Rocket Oxygen Light-Weight, 95% pure oxygen canisters bearing a name that has the same connotation as the Boost Oxygen name and trademark; and has a two-part construction with a

mask design that is virtually identical to Boost's patented mask design; and has a body that bears markings confusingly similar to the markings on the Boost canister (Exhibits 2-5 hereto) constitute trademark and trade dress infringement. The intended impression on the public is that the Rocket Oxygen website and its oxygen canisters, as well as related retail products, originate from and/or are authorized by Boost Oxygen.

18. As a result of Rocket Oxygen's unauthorized use of the Boost Oxygen trademark and the trade dress of Boost's Oxygen canisters, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of the Rocket Oxygen website, its oxygen canisters and related retail products.

19. Rocket Oxygen's conduct is willful, intended to trade on and reap the benefit of Boost Oxygen's goodwill and violates §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

20. Boost Oxygen is entitled to money damages and a disgorgement of Rocket Oxygen's profits as a consequence of Rocket Oxygen's illegal activities.

21. Rocket Oxygen's wrongful conduct is likely to continue unless restrained and enjoined.

22. Boost has suffered and will continue to suffer irreparable damage as a result of Rocket Oxygen's wrongful conduct.

23. Boost Oxygen is entitled to injunctive relief enjoining Rocket Oxygen's wrongful conduct and compelling (a) the take-down of its website, and (b) the destruction of its inventory of Rocket Oxygen's oxygen canisters and related retail products.

24. Boost Oxygen has no adequate remedy at law because Boost's trademark and trade dress are uniquely associated with Boost, the harm to its trademark and trade dress is irreparable and for which money damages are inadequate, and the public will likely continue to be confused, mistaken or deceived as to the source, origin, or authenticity of the of the infringing oxygen canisters and related retail products.

**Count III**
**Violation of Connecticut Unfair Trade Practices Act ("CUPTA")**
**(Connecticut General Statutes, § 42-110(b)**

25. Boost re-alleges and incorporates by reference the allegations of paragraphs 1-24 of the Complain as though fully set fort herein.

26. By reason of the acts described herein, Rocket Oxygen has been engaged in trade and commerce and committed acts that violate CUPTA. These acts include Rocket Oxygen's infringement of Boost's '250 design patent, and its infringement of Boost Oxygen's trademark and trade dress.

27. Rocket Oxygen's use of the term "rocket oxygen" which has the same connotation as the "Boost Oxygen" trademark and trade name is meant to create confusion as to the source, origin, authorization and sponsorship of Rocket Oxygen's oxygen canisters and damage irreparably Boost Oxygen's name and reputation in the market for oxygen-containing products.

28. Likewise, Rocket Oxygen's misuse of Boost Oxygen's trade dress is meant to create confusion between the parties' respective oxygen canisters, diminish the goodwill that Boost has created with respect to its trade dress and create to Boost's detriment a competitive presence in the market for oxygen containing products.

29. As a result of the acts described herein, Boost has suffered an ascertainable loss.

30. To this end, Rocket Oxygen has been unjustly enriched and Boost correspondingly damaged. Under CUPTA, Boost is entitled to an award of the profits that Rocket Oxygen has made on its sales of its Rocket Oxygen canisters and related retail products and, to prevent any further unlawful sales, an order directing Rocket Oxygen to destroy its inventory of infringing oxygen canisters and related retail goods.

**Count IV**
**Common Law Trademark Infringement**

31. Boost Oxygen repeats and re-alleges each of the allegations contained in paragraphs 1-29 of this complaint and incorporates them herein by reference.

32. Boost has common law rights in the Boost Oxygen trademark and trade name based on its continuous and exclusive use of the mark and name in Connecticut and throughout the United States in connection with 95% oxygen containing containers that Boost markets and sells directly to customers through a sales force and via its own website bearing the Boost Oxygen name.

33. Rocket Oxygen's change of words from "boost" to "rocket" to market and sell its oxygen canister dilutes the Boost brand by creating, in context, the same connotation, but the change leaves only customer confusion and to the source of the Rocket product and Boost's countenance of it. It follows that Rocket's unauthorized use of the related word "rocket" to market its oxygen canister is likely to cause confusion, mistake and deception of the public and to the identity and origin of Rocket Oxygen's canisters, or as to a connection or affiliation with Boost Oxygen, or permission from Boost, causing irreplaceable harm to Boost for which there is no adequate remedy at law. Rocket Oxygen's conduct thus constitutes common law trademark infringement.

34. Upon information and belief, Rocket Oxygen's decision to unlawfully trade on the good will Boost has acquired in its trademark, trade name and trade dress was willful and deliberate.

## Count V
## Common Law Unfair Competition

35. Boost Oxygen repeats and re-alleges each of the allegations contained in paragraphs 1-33 of this complaint and incorporated herein by reference.

36. Rocket Oxygen's distribution, marketing, promotion, importation, offering for sale and sale of oxygen canisters and related goods bearing the "rocket oxygen" name constitutes false designation of origin and false description or misrepresentations that Rocket Oxygen's oxygen canisters and related goods originate from, or are sponsored, authorized, licensed by or otherwise connected to Boost. The consequence of Defendant's misconduct is that the public is likely to be confused about the origin and/or authorization of Defendant's oxygen canisters and related goods.

37. Defendant's conduct is willful, intended to reap the benefit of Boost' reputation and good will, has damaged Boost in its business and caused Boost irreparable damage to its name, reputation, and good will. Rocket's actions constitute common law unfair competition.

**PRAYER FOR RELIEF**

In light of the foregoing, Plaintiff, Boost Oxygen, seeks for the following relief:

(a) That Rocket Oxygen be judged to have infringed, induced others to infringe and/or committed acts of contributory infringement with respect to the '250 patent;

(b)     That Rocket Oxygen, its officers, agents, employees and those persons in privity with Rocket Oxygen, including Xian Arooxy, be preliminarily and permanently enjoined from further infringement of the '250 patent;

(c)     That Rocket Oxygen be ordered to pay Boost Oxygen (i) the profit Rocket has made on the sales of the infringing oxygen canisters; and (ii) all damages suffered by Boost by reason of Rocket Oxygen's infringement of the '250 patent.

(d)     That Rocket Oxygen be ordered to pay treble damages for its willful infringement of the '250 patent;

(e)     That this case be deemed exceptional and Rocket Oxygen ordered to pay Boost its attorney fees, expenses, and costs incurred in this action.

(f)     That Rocket Oxygen be ordered to pay pre and post judgment interest on the damages and/or profit disgorgement ordered by the Court.

(g)     That Rocket Oxygen and those persons in privity with Rocket Oxygen, including Xi'an Arooxy, be enjoined from (i) using the name "rocket oxygen", or any other name that is confusingly similar to the Boost name and trademark for retail products, including oxygen canisters, and (ii) using the Boost Oxygen trade dress or any other product design that is confusingly similar to the trade dress or Boost's oxygen canisters.

(h)     That the Court order the destruction of all merchandise that infringes Boost Oxygen's trademark, trade name and trade dress.

(i)     That the Court award Boost its actual damages, trebled;

(j)     That the Court award Boost its actual damages and Rocket Oxygen's profits pursuant to CUPTA;

(k)     That the Court award Boost interest, including pre-judgment interest, on the forgoing sums;

(l)     That the Court award Boost its costs in this civil action, including reasonable attorneys' fees and expenses;

(m)     That the Court award Boost exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate;

(n)     That the Court direct Defendants to file with the Court and serve upon Boost's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant's have complied with the above;

(o)     That the Court award Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by Jury as to all issues so triable.

Date: December 6, 2016                     PLAINTIFF
                                           BOOST OXYGEN, LLC

                                           By: _____/s/_____
                                                Edward R. Scofield (ct00455)

                                                Zeldes, Needle & Cooper, P.C.
                                                1000 Lafayette Blvd., Suite 500
                                                Bridgeport, CT 06604
                                                Tel: 203-333-9441
                                                Fax: 203-333-1489
                                                Email: escofield@znclaw.com

                                           Its Attorney

Of Counsel:

Robert Neuner, Registration No. CT 15449
Hoffmann & Baron LLP
6 Campus Drive
Parsippany, New Jersey 07054
Telephone: 973-331-1700
Facsimile: 973-331-1717
E-mail: rneuner@hbiplaw.com